IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA            *

       vs.                              *    CRIMINAL NO. MJG-11-0652

EFPLOIA SHIPPING CO., S.A.           *

          Defendant        *

*         *         *         *         *

UNITED STATES OF AMERICA            *

       vs.                              *    CRIMINAL NO. MJG-11-0671

AQUAROSA SHIPPING A/S                *

          Defendant        *

*         *         *         *         *         *         *         *         *

## MEMORANDUM AND ORDER RE: FUND PAYMENT

In these related cases, the Government has sought an Order granting a Whistleblower Award to Salvador Lopez of 50% of the fines (totaling $1,850,000.00) assessed against the Defendants. The Government's Motion was unopposed by Defendant Aquarosa Shipping A/S but opposed by Defendant Efploia Shipping Co., S.A.

By Order of April 16, 2012 [Document 16 in MJG-11-0671], the Court granted the Government's unopposed Motion to award Salvador Lopez (as a Whistleblower Award) the sum of $462,500.00 to be paid from fine payments made by Aquarosa Shipping A/S. The Court reserved decision regarding any increase in the Whistleblower Award to be paid from fine payments made by Efploia Shipping Co., S.A.

Aquarosa Shipping A/S was required to pay its fine of $925,000.00 (with interest) in quarterly payments over a three-year period. Aquarosa Shipping A/S made payments more rapidly than required. As the Clerk of Court received the first eight payments, one-half was paid to Salvador Lopez[1] for credit against the $462,500.00 Whistleblower Award.

| Payment | Total | Date Paid to Mr. Lopez | Amount Paid to Mr. Lopez |
|---------|-------|------------------------|--------------------------|
| First | 84,413.28[2] | 5/29/2012 | 42,206.64 |
| Second | 84,345.26 | 9/18/2012 | 42,172.63 |
| Third | 84,319.84 | 12/14/2012 | 42,159.92 |
| Fourth | 84,294.38 | 3/4/2013 | 42,147.19[3] |
| Fifth | 84,263.16 | 5/24/2013 | 42,131.58 |
| Sixth | 84,243.52 | 9/6/2013 | 42,121.76 |
| Seventh | 84,218.08 | 12/18/2013 | 42,109.04 |
| Eighth | 84,192.64 | 2/27/2014 | 42,096.32 |

[1]    Pursuant to Order of April 16, 2012 [Document 16 in MJG-11-0671], the Order Re: Fund Payments [Document 17 in MJG-11-0671], and the Court's Further Orders Re: Fund Payments [Documents 21, 24, 28, 31, 35, 38, 42, and 49 in MJG-11-0671], the Court ordered the payment to Salvador Lopez of one-half of the funds received from Aquarosa Shipping A/S prior to the final payment made in April 2014.
[2]    It appears that Aquarosa Shipping A/S was including, in its payments, its computation of interest due on the fine payments.
[3]    $10,000.00 of this payment was made, on behalf of Salvador Lopez, to his counsel pursuant to the Government's agreement.

As of February 27, 2014, Salvador Lopez had been paid a total of $337,145.08 and was due a balance of $125,354.92 on the $462,500.00 Whistleblower Award.

On March 21, 2014, Aquarosa Shipping A/S made its ninth and final payment, fully satisfying its obligation.[4]  Accordingly, the Clerk of Court is holding the $125,354.92 balance due on the $462,500.00 awarded to Salvador Lopez.  However, counsel for Salvador Lopez asserts a right to 20% of any Whistleblower Award in the instant cases made to Mr. Lopez pursuant to a contingent fee agreement.  Thus, counsel asserts entitlement to $92,500.00 of the $462,500.00 awarded to Salvador Lopez.

Pursuant to the Court's Further Order Re: Fund Payments dated March 4, 2013 [Document 31 in MJG-11-0671], prior to disbursing one-half of the fourth fine payment to Salvador Lopez, counsel for Mr. Lopez "disburs[ed] the sum of $10,000.00 to his firm as the minimum fee agreed to by the United States."

The Government otherwise objects to the application of the contingent fee agreement to the Whistleblower Award.  The matter has been briefed, the Court has heard argument, and the matter is under advisement.

The Court finds it appropriate to have the Clerk retain the amount of $82,500.00 ($92,500.00 - $10,000.00) pending resolution of issues relating to the contingent fee agreement. Should the contingent fee agreement be applied by the Court,

---

[4]    It is possible that Aquarosa Shipping A/S has overpaid and may be due a refund.

counsel would receive the retained funds.[5]  If not, counsel may

nonetheless be entitled to reimbursement of certain out-of-

pocket expenses incurred on behalf of Salvador Lopez.[6]

Accordingly:

1.   The Clerk of Court expeditiously shall transfer the amount of $42,854.92 by wire or check to the client trust fund of Mr. Lopez's counsel of record, J. Stephen Simms of Simms Showers LLP.

2.   Within five (5) business days of receiving funds from the Clerk of Court in this matter, J. Stephen Simms shall transfer such funds directly to a bank account in the Philippines controlled by Mr. Lopez.

3.   Except as may be provided by further order, neither Mr. Simms nor members of his law firm shall, except as provided herein, directly or indirectly solicit or accept any commission, costs, expenses, or fees of any kind in connection with this transfer.

4.   Within one (1) business day of the transfer of funds to Mr. Lopez, Mr. Simms shall file with this Court a notice of compliance with this Order, stating the date upon which Mr. Lopez's counsel has made the transfer to Mr. Lopez

SO ORDERED, on <u>Thursday, May 01, 2014</u>.

/s/

Marvin J. Garbis
United States District Judge

---

[5]   In addition to 20% of any increase in the total Whistleblower Award.
[6]   The contingent fee agreement, if applied, would require counsel to bear all expenses.